

## Civil Courtroom Minutes

| | |
|---|---|
| **JUDGE** | Hilda G. Tagle |
| **CASE MANAGER** | Stella Cavazos |
| **LAW CLERK** | ☐ Nicolas  ■ Levesque |
| **DATE** | 10 / 08 / 02 |
| **TIME** | 1:30 p.m. — 2:00 p.m. |
| **CIVIL ACTION** | B - 02 - 104 |
| **STYLE** | John Reed *versus* Bank of America, N.A. |

United States District Court
Southern District of Texas
FILED
OCT 0 8 2002
Michael N. Milby, Clerk of Court

**DOCKET ENTRY**

(HGT)  ■ Initial Pretrial Conference;    (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):   Frank E. Perez
Attorney(s) for Defendant(s):  Laura O'Donnell

**Brief Overview of the Facts by Plaintiff:**
Rolan (or Raul) Anaya approached Plaintiff and recruited him to be a loan officer at Bank of America (BOA) in the RGV. Anaya allegedly made promises about the type of support (product support specialists and partner support –Reed was to handle commercial loans, he would make arrangements to target potential clients. When he found such clients would not follow through and visit the RGV, there was no follow up or assistance by partners and partners would not come to the RGV to follow up w/ the clients). Strict goals were discussed such as Plaintiff would bring in 21M port folio w/in a short (but perhaps unspecified time). He was terminated after nine months for failure to meet these goals. Plaintiff alleges BOA never intended to give him this support and in this respect BOA engaged in fraudulent inducement b/c Plaintiff would not have left his job at Chase Bank w/o such promises of support. His salary at Chase was approx 90k and at BOA 100k.

**Damages:**
All economic. Six months lost income after termination. 50,000 for that six months, plus 400,000 in future income. Eventually he ended up at Coastal Bank making 70k.

Civil Courtroom Minutes
Civil Action No. B-02-104
Reed vs. Bank of America
October 8, 2002
Page 2 of 2

### Point of Disagreement between Parties:
Plaintiff says the promises were mostly oral and there is nothing in writing to memorialize the promises of inducement. BOA says Reed signed a document that stated he was at-will and that no prior oral representations were binding on BOA. Anaya at any rate, denies having made any representations of this sort. BOA says after signing the above agreement, Reed then left his employment at Chase. No justifiable reliance, therefore. **Question: when did Reed sign these documents -before or after he left his employment?**

### Defendant's Affirmative Defenses:
1. Nat'l Bank Act: Officers could be hired/fired at will. Pl. says: Under a normal scenario where both parties intend to perform on the k, it would trump, but here where Anaya made promises w/o intending to follow them, Nat'l Bank Act is not applicable.
2. SOF: Applies b/c k and goals of k were to encompass support over several years. Reed apparently testified to this in his deposition. It was not possible to be performed in one year. Pl says: Was possible to be performed in one year.
3. Pl waived his right b/c he never raised the fraud claim when he discovered it - never reported it to his employer.
4. He said/she said: Anaya denies having made the promises. Pl already knew support in RGV was very limited. In any event, he was supported and people did come down.

### Mediation:
Def thinks case will be disposed of in summary judgment. **Def said it is possible to file a dispositive motion w/in one month (11/8/02).** Court would like mediation to be earlier than that proposed in Joint Case Management Plan - like in January, 2003 so that case is not protracted.