IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL NO.   B-02-104 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

### RESPONSE TO MOTION TO ALLOW SUPPLEMENTATION

Defendant Bank of America, N.A. ("Bank of America" or "Bank") files this Response to Plaintiff's Motion to Allow Supplementation and respectfully states as follows:

1. On February 25, 2003, Bank of America filed its Motion for Summary Judgment. In that Motion, Bank of America provided evidence and legal authority demonstrating that it is entitled to summary judgment because, as a matter of law, Plaintiff John Reed ("Plaintiff" or "Reed") cannot establish five of the elements of his prima facie fraudulent inducement claim and because the Bank has established two separate affirmative defenses that defeat his claim.

2. On April 7, 2003, Plaintiff filed his Response to Bank of America's Motion for Summary Judgment. On the same day he filed an "Unopposed Motion to Allow Supplementation," asking that the Court allow him to supplement his Response to the Motion for Summary Judgment after the deposition of Raul Anaya.

3. In his Motion to Allow Supplementation, Plaintiff argues that Mr. Anaya's testimony is necessary to show whether there was intent to deceive Reed when he was hired by the Bank. Intent is only one of the requisite elements of a fraudulent inducement

claim. Therefore, even if Mr. Anaya's testimony could shed light on this one element, based on the evidence and authority presented, the Bank is still entitled to summary judgment with respect to the four other elements of Reed's claim and two affirmative defenses identified in the Bank's Motion. For example, the Bank's Motion for Summary Judgment establishes that, irrespective of what Raul Anaya said or did not say, Reed could not have justifiably relied on any pre-employment statement because he signed an agreement stating that he would not rely on any such statement. *See Boggan v. Data Sys. Network Corp.*, 969 F.2d 149, 154 (5th Cir. 1992)(reliance on oral statement made prior to written agreement is misplaced). This argument, which is not specifically addressed in Plaintiff's Response to the Motion for Summary Judgment, does not in any way depend on Raul Anaya's testimony and entitles the Bank to summary judgment.

4.    As stated in Plaintiff's Motion, the Bank told Plaintiff that it would not oppose supplementation if it became necessary after taking Mr. Anaya's deposition. Because Mr. Anaya's deposition is not necessary for the Court to determine the issues presented in the Bank's Motion for Summary Judgment, however, Bank of America respectfully requests that the Court grant the Motion for Summary Judgment without allowing supplementation.

WHEREFORE, because Raul Anaya's deposition testimony is not necessary for determination of the issues presented by Bank of America's Motion for Summary Judgment, Bank of America respectfully requests that the Court rule on the summary judgment motion without waiting for supplementation from Raul Anaya's deposition.

S-127177_1.DOC

Respectfully submitted,

*Laura O'Donnell*
Michael W. Fox
State Bar No. 07335500
Laura O'Donnell
State Bar No. 00797477
Federal Id. No. 21720
HAYNES AND BOONE, L.L.P.
112 East Pecan Street,
Suite 1600
San Antonio, Texas 78205-1540
Telephone: (210) 978-7000
Telecopier: (210) 978-7450

ATTORNEYS FOR BANK OF AMERICA, N.A.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served on all attorneys of record in accordance with the Federal Rules of Civil Procedure on the 9th day of April, 2003.

*Laura O'Donnell*

S-105041.1