

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN REED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-104 |
| | § | |
| BANK OF AMERICA, N.A. | § | |

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff John Reed is entitled to summary judgment on the following affirmative defenses plead by Defendant:

1. The Statute of Frauds; and

2. The National Banking Act.

This motion is predicated on one simple agreed fact and the legal interpretation of the statute of frauds and the National Banking Act.

One fact established herein is that John Reed was an employee at will with Bank of America. Bank of America contends that John Reed is an employee at will, and John Reed admits this. Therefore, his employment with Bank of America could have been terminated, as it was, within one year of the making of the employment agreement. If an agreement may conceivably be performed in one year, the statute of frauds does not apply, no matter how improbable performance within one year may be. *Hardin Associates, Inc. v. Brummett*, 613 S.W.2d 4, 7 (Civ. App.-- Texarkana 1980, no writ). The fact that performance within one year is not required or expected does not bring the contract within the statute of frauds.

*Republic Bankers Life Ins. Co. v. Wood*, 792 S.W.2d 768, 776 (Tex. App.--Fort Worth 1990, den.). Because John Reed was an at will employee, his contract of employment could be *fully performed* in less than one year or at any time after one year. The Statute of Frauds only applies to contracts that *cannot* be *performed* within one year from the date of its creation. For the purpose of the one-year rule, there has always been a distinction in Texas law between the *termination* of a contract and the *performance* of a contract. If a contract can be terminated before it can be fully performed, then the possibility of that event (termination) occurring within one year of the making of the contract would not take the agreement outside the statute of frauds. However, if the contract cannot be fully performed within one year, it falls within the statute of frauds and the statute will bar the oral contract. *Young v. Ward*, 917 S.W.2d 506, 511-512 (Tex. App.--Waco, 1996, no writ). For an employment contract to be covered by the statute of frauds, "there must not be the slightest possibility that it can be fully performed within one year. ... It makes no difference how long the parties expect performance to take or how reasonable and accurate those expectations are, if the agreed performance can possibly be completed within a year". See *Keystone Intern, Inc. v. Ingham*, 593 S.W.2d 354, 357 (Civ. App.--Texarkana 1979, no writ). Again, John Reed does not argue that he was not an at will employee; his contention is that he never would have become an employee of Bank of America at all if Raul Anaya and the bank had not made false promises of future performance.

Defendant misinterprets the Plaintiff's causes of action and available remedies. Plaintiff is not asserting a cause of action for breach of contract or breach of agreement, as asserted at page 23 of Defendant's motion for summary judgment. Rather Plaintiff asserts causes of action based on fraud and misrepresentation, and asserts that the particular acts and conduct constituting fraud and misrepresentations **occurred prior to the formation of any agreement of employment.** For Defendant to assert that Plaintiff "seeks damages based on the alleged breach of this [long-term employment] agreement" (as Defendant asserts at page 23 of it motion for summary judgement) is inaccurate, and a false premise upon which to base its statute of frauds defense. The Statute of Frauds simply is not applicable to this case.

Likewise, The National Bank Act likewise is not applicable to this case. Again, John Reed does not argue that the National Bank Act does not allow a bank to "dismiss such officers...at pleasure...." But this provision of the Act, which by its very terms applies to a bank's rights **after** entering into an employer-employee relationship, does not authorize, condone or promote the making of false and misleading statements of material fact to potential employee recruits **before** employment of the recruit, and certainly does not authorize such statements that the banks have no intention of keeping, and more importantly, no ability to keep.

For these reasons, John Reed asks that the Court grant summary judgment on Bank of America's affirmative defenses asserting the statute of frauds and the

National Banking Act, and for such additional relief to which John Reed may show himself justly entitled.

                Respectfully submitted,

                PÉREZ & PIETTE

By: _____
Frank E. Pérez
State Bar No. 15776540
Federal Id No. 1930
436 Paredes Line Road
Brownsville, Texas 78521
Telephone: (956) 504-5403
Facsimile: (956) 504-5991
ATTORNEYS FOR PLAINTIFF
JOHN REED

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of April 2003, a true and correct copy of the foregoing instrument has been served upon counsel of record by the following method:

**VIA FAX: 210-978-7450**
Mr. Michael W. Fox
Haynes & Boone, L.L.P.
112 East Pecan St., Suite 1600
San Antonio, TX 78205-1540



Pérez & Piette