IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL NO. B-02-104 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Bank of America, N.A. ("Bank of America" or "Bank") provides this Response ("Response") to Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses ("Plaintiff's Motion" or "Motion"). Plaintiff's Motion does not establish that John Reed ("Reed") is entitled to summary judgment. On the contrary, Defendant has proven that no fact issues exist with regard to the elements of Plaintiff's claim, and therefore, summary judgment in favor of Defendant is warranted.

### SUMMARY

In his Motion, Reed has misconstrued the law supporting the Bank's affirmative defenses and has ignored the evidence and his sworn testimony regarding the nature of his claims. Reed admits that he seeks damages relating to a quasi-contractual fraud claim, one that is pre-empted not only by the Statute of Frauds but also by the National Bank Act. That he now raises questions as to the nature of his claims does nothing to controvert the simple fact that the evidence in this case makes it impossible for his claims to survive summary judgment on Defendant's affirmative defenses.

1

## STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

Reed alleges that, 30 to 45 days before the Bank offered him a commercial lending position, Raul Anaya, his future Bank of America manager, told him that he would have support from various third parties at the Bank. (Dep. 12:16-14:19.) Reed claims that this statement fraudulently induced him into resigning from Chase Bank to join Bank of America. He now moves for partial summary judgment based on the Bank's National Bank Act and Statute of Frauds affirmative defenses. The Bank has submitted a Motion for Summary Judgment asking the Court to find that these defenses bar Reed's claim. In this Response, Bank of America respectfully requests that summary judgment in favor of Defendant be granted and that Plaintiff's Motion for Partial Summary Judgment be denied based on determination of the following affirmative defenses:

a. Because Reed's fraud claim is based on Anaya's alleged statement that promised work conditions that would exist for several years, the claim is barred by the Statute of Frauds.

b. As a Bank officer, Reed's claim is preempted by the National Bank Act.

*Haase v. Glazner*, 62 S.W.2d 795, 798 (Tex. 2001) (Statute of Frauds); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) (National Bank Act defense); *Kemper v. First Nat'l Bank*, 418 N.E.2d 819, 821 (Ill. App. Ct. 1981) (same).

## ARGUMENT AND AUTHORITIES

**I. Reed's claim is based on the alleged violation of an oral agreement, and it is therefore barred by the Statute of Frauds.**

Reed's claim is clearly barred by the Statute of Frauds. The Statute provides that an agreement which is not to be performed within one year from the date of making the agreement is unenforceable unless in writing. TEX. BUS. & COMM. CODE ANN. § 26.01(b)(6) (West 2002). The Texas Supreme Court's decision in *Haase v. Glazner* demonstrates why the Bank is entitled

to summary judgment on Reed's claim. 62 S.W.3d 795 (Tex. 2001). To establish fraudulent inducement, a claimant must show that he was induced into reaching an agreement. *Id.* at 798. The Statute of Frauds will bar the fraud claim if the claimant seeks to recover the benefit of an agreement that fails to comply with the Statute. *Id.* at 799. In his deposition, Reed admits that he seeks damages based on the alleged breach of an oral agreement for support — the difference between what he was earning at Bank of America and what he made after his employment ended — rather than damages as a result of leaving Chase. (Dep. 115:10-116:3.)[1] His benefit-of-the-bargain damages are inextricably related to his termination, which he contends resulted from a violation of the oral agreement creating terms of his employment; in essence, Reed presents a fraud claim as a substitute for a contract claim.[2] As the Texas Supreme Court held in *Haase*, the Statute of Frauds will bar a fraud claim under precisely these circumstances: such a claim cannot survive when the plaintiff "seeks to obtain the benefit of an otherwise unenforceable bargain." 62 S.W. 3d at 799.

In this case, Reed contends that Raul Anaya promised him support and that this level of support would remain unchanged for several years. (Dep. 20:17-24.) Thus, the agreement at issue is not, as Reed's Motion asserts, the at-will "contract of employment." (Motion at p. 2.) Rather, it is the purported agreement regarding support. (Dep. 13:7-10; 20:17-24.) Plaintiff's Motion even emphasizes that Reed's "contention is that he never would have become an

---

[1] The referenced excerpts from John Reed's deposition are attached to Defendant's Motion for Summary Judgment.

[2] *See Haase*, 62 S.W.3d 795 at 798-99. In *Wade v. Chase Manhattan Mortgage Corp*, (not a Statute of Frauds case, but demonstrating how a fraud claim like this one really is an alternative to a contract claim), the court characterized plaintiffs' fraud charge as a breach of contract claim because it was based on an alleged "breach of pre-employment promises which induced plaintiffs to leave established employment and go to work for [defendant]." 994 F.Supp. 1369, 1377 (N.D. Ala.), *aff'd sub nom Wade v. Chem. Residential*, 132 F.3d 1461 (11th Cir. 1997). After Chase closed the branch office at which plaintiffs were employed, plaintiffs claimed that Chase failed to disclose profitability goals and made fraudulent promises regarding employment conditions. *Id.* at 1376-77. The court found no evidence sufficient to support any fraud claims tied to a breach of an oral agreement for future conditions of employment, and granted summary judgment to defendant. *Id.* at 1380.

employee of Bank of America at all if [not for the alleged] false promises of future performance." (Motion at p. 2.) He further asserts that the purported fraud "occurred prior to the formation of any agreement of employment." (Motion at p. 3.) It is undisputed that the alleged long-term agreement that forms the basis for Reed's fraud claim is not in writing. (Dep. 15:5-16; 51:8-12.) Based on Reed's own testimony, the promise of support could not be completed within one year, and therefore, his claim falls squarely within the Statute of Frauds' prohibition and is barred. TEX. BUS. & COMM. CODE ANN. § 26.01(b)(6) (West 2002).

## II.  Reed's claim is preempted by the National Bank Act.

Reed also fails to point the Court to any evidence or legal authority to support his contention that the National Bank Act (the "Act") does not apply in this case. Reed agrees that the Act enables a national banking association to elect or appoint officers and to "dismiss such officers . . . at pleasure . . . ." 12 U.S.C. § 24 (Fifth). (Motion at p. 3.) Based on this provision, the board of directors may dismiss an officer without liability for breach of an agreement. *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989); *Kemper v. First Nat'l Bank*, 418 N.E.2d 819, 821 (Ill. App. Ct. 1981). Reed's Motion glosses over the law and instead offers his own, legally unsupported, interpretation that the Act does not apply to this case because "by its very terms [it] applies to a bank's rights after entering into an employer-employee relationship." (Motion at p. 3.) Reed's unsupported description of the Act is wrong. The National Bank Act is intended to give national banks "the greatest latitude possible to hire and fire their . . . officers . . . ." *Mackey*, 867 F.2d at 526. Reed does not point the Court to a single case that shows that a national bank's freedom to terminate its officers is in any way limited by the nature of the officer's employment claim. On the contrary, courts have consistently held that the Act preempts state law claims relating to a termination, irrespective of the nature of the

claim. *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 526 (9th Cir. 1989); *City Nat'l Bank v. Brown*, 599 So. 2d 787, 790 (La. Ct. App.), *writ denied*, 604 So. 2d 999 (1992) (holding that a claim for detrimental reliance was preempted by the National Bank Act); *Ambro v. American Nat'l Bank & Trust Co.*, 394 N.W.2d 46, 49 (Mich. Ct. App. 1986) (holding that contract and tort claims are preempted by National Bank Act).

In *City National Bank v. Brown*, a case with facts strikingly similar to this one, the court affirmed the "complete discretion of a national bank's board of directors to terminate an officer at will." 599 So.2d at 790. The plaintiff in that case based his detrimental reliance claim on his employer's assurance to provide him with a support staff. *Id.* at 788. When he was terminated, the plaintiff attributed the failure of his lending program to what he considered to be inadequate support. *Id.* Although the plaintiff argued, as Reed does in his Motion, that the National Bank Act did not preclude a cause of action for detrimental reliance, the court decisively noted that this argument "has no merit," explaining that the National Bank Act "preempts *all* state law and it alone governs in those instances in which officers of national banks are dismissed." *Id.* (emphasis added); *Alfano v. First Nat'l Bank*, 490 N.Y.S.2d 56, 58 (N.Y. App. Div. 1985) (citation omitted). In this case, Reed similarly argues that he relied on a promise of support and that his termination resulted from his perceived lack of this support. (See Pl.'s Orig. Pet. ¶ III: "Plaintiff's employment was terminated under the pretense that he was not achieving his stated goals, when . . . Plaintiff . . . did not meet his stated goals solely due to the failure of Defendant to provide the promised support, cooperation, and assistance.") As noted earlier, he seeks damages stemming from that termination. (Dep. 115:10-116:3.) Therefore, for the same reasons that the Act preempted the plaintiff's claims in *City National Bank v. Brown*, the National Bank Act preempts Reed's claim that he was fraudulently induced into an employment contract, and

his lawsuit should be dismissed. *Mackey*, 867 F.2d at 526; *Brown*, 599 So. 2d at 790; *Ambro*, 394 N.W.2d at 49.

## CONCLUSION

Because John Reed's fraudulent inducement claim is barred by the Statute of Frauds and preempted by the National Bank Act, Bank of America, N.A., respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, grant Defendant's Motion for Summary Judgment, dismiss this lawsuit with prejudice, and for all other and further relief to which it may be entitled.

Respectfully submitted,

*Laura O'Donnell*
Michael W. Fox
State Bar No. 07335500
Laura E. O'Donnell
State Bar No. 00797477
Federal Id. No. 21720

HAYNES AND BOONE, L.L.P.
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205-1540
Telephone:   (210) 978-7000
Telecopier:   (210) 978-7450

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record on this 12th day of May, 2003.

*Laura O'Donnell*
Laura O'Donnell