United States District Court
Southern District of Texas
FILED
JUN 20 2003
Michael N. Milby, Clerk of Court

United States District Court
Southern District of Texas
ENTERED
JUN 20 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN REED, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-02-104 |
| BANK OF AMERICA, N.A., | § § § | |
| Defendant. | § | |

### ORDER

BE IT REMEMBERED, that on June 20, 2003, the Court **GRANTED** Defendant's Motion for Continuance [Dkt. No. 23]. The scheduling order of October 18, 2002, is amended as follows: Joint Pretrial Order deadline is set for July 25, 2003, Docket Call and Final Pretrial Conference is set for July 31, 2003, at 1:30 p.m., and Jury Selection is set for August 4, 2003, at 9:00 a.m.

In addition, the Court **GRANTS** Plaintiff's "Unopposed Motion to Allow Supplementation" [Dkt. No. 14]. Plaintiff argues supplementation would allow him to include important deposition testimony of Raul Anaya. The Court notes that Defendant, although technically not opposed to Plaintiff's Motion to Supplement, argues that because "intent is only one of the requisite elements of a fraudulent inducement claim . . . even if Mr. Anaya's testimony could shed light on [the element of intent], . . . the bank is still entitled to summary judgment" on the other elements based on the evidence and authority presented. Def's Response to Motion to Allow Supplementation [Dkt. No. 16]. Defendant's position is that it does not oppose supplementation "if it [becomes] necessary after taking Mr. Anaya's deposition." Defendant's contention, in essence, requires that the Court first determine whether supplementation would assist Plaintiff's case before it grants the motion. Defendant may or may not be correct that Mr. Anaya's deposition testimony does not defeat summary judgment on the remaining elements of fraudulent inducement.

1

Whether Plaintiff presented evidence demonstrating an issue of material fact on each element of fraudulent inducement, however, is not a determination to be made by the Defendant. Nor will the Court base its decision to grant leave to supplement Plaintiff's response on the sufficiency of the evidence presented in that supplement.

Defendant has represented that it is not opposed to supplementation of Plaintiff's response in theory. Plaintiff has expressed to the Court in his Motion to Supplement that at the time of his response to Defendant's Motion for Summary Judgment on-going efforts were made to take the deposition of Mr. Anaya. After considering these factors, the Court **GRANTS** Plaintiff's Motion to Supplement [Dkt. No. 14]. As per the usual response and reply deadlines stated in Chamber Rule 5C, Defendant may reply to Plaintiff's "Supplemental Response to Bank of America's Motion for Summary Judgment" within 20 days of the filing of the Supplemental Response.

DONE at Brownsville, Texas, this 20th day of June, 2003.

_____
Hilda G. Tagle
United States District Judge