United States District Court
Southern District of Texas
FILED

JUN 2 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN REED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-104 |
| | § | |
| BANK OF AMERICA, N.A. | § | |

## JOINT PRETRIAL ORDER

NOW COME PLAINTIFF JOHN REED and DEFENDANT BANK OF AMERICA and file this their Joint Pretrial Order and would show unto the Court as follows:

1. Appearance of Counsel:

   **Attorneys for Plaintiff, John Reed:**
   Frank E. Pérez
   SBN: 15776540
   Federal ID No. 1930
   Pérez & Associates
   436 Paredes Line Road
   Brownsville, Texas 78521
   Telephone: (956) 504-5403
   Facsimile: (956) 504-5991

   Trey Martinez
   SBN: 00797011
   Federal ID No. 23945
   Martinez & Barrera
   1201 East Van Buren
   Brownsville, Texas 78520
   Telephone: 956-546-7159
   Facsimile: 956-544-0602

   **Attorneys for Defendant, Bank of America**
   Michael Fox
   SBN: 07335500
   Laura O'Donnell
   SBN: 00797477
   Federal ID No. 21720
   Haynes and Boone, L.L.P.

112 E. Pecan, Suite 1600
San Antonio, TX 78205
Telephone:   210-978-7000
Facsimile:    210-978-7450

2.   Statement of the Case:

1.   Bank of America recruited and hired John Reed as client manager in April and May of 2000. John Reed claims that Mr. Raul Anaya told him during the recruitment process that Bank of America had systems and procedures in place concerning marketing strategy and support, product partners and interaction between them, that were direct, clear and unambiguous, and that would assure that client managers such as Mr. Reed could meet their expected goals of business brought to the bank. Mr. Reed claims that Mr. Anaya never told him what those goals were. Mr. Reed claims that the goals given him after he accepted employment were unrealistically high, but he nonetheless brought to the bank potential business in excess of those stated goals, which the bank did not pursue. Mr. Reed was fired from the bank for the stated reason that he did not meet his goals. Mr. Reed claims that Bank of America's many, specific, clear statements about the marketing strategy and support system in place at Bank of America amounted to false representations, false promises of a future course of action by the bank, and that Bank of America never intended to keep and/or could not in reality keep. Mr. Reed claims that had Mr. Anaya told him the truth about the lack of support on the part of the bank and the goals he was expected to meet, he would never have left his employment with Chase Bank to go work for Bank of America. Mr. Reed claims that the Bank's conduct amounts to fraud.

3. Specify the allegation of federal jurisdiction.

Defendant, Bank of America, removed this case to this Federal Court on the basis of diversity of citizenship.

4. Motions.

Bank of America has filed a motion for continuance.

5. Contentions of the Parties:

Bank of America recruited and hired John Reed as client manager in April and May of 2000.

John Reed claims that Mr. Raul Anaya told him during the recruitment process that Bank of America had systems and procedures in place concerning marketing strategy and support, product partners and interaction between them, that were direct, clear and unambiguous, and that would assure that client managers such as Mr. Reed could meet their expected goals of business brought to the bank. Mr. Anaya never told him what those goals were.

Mr. Reed claims that the goals given him after he accepted employment were unrealistically high, but he nonetheless brought to the bank potential business in excess of those stated goals, which the bank did not pursue.

Mr. Reed was fired from the bank for the stated reason that he did not meet his goals. Mr. Reed claims that Bank of America's many, specific, clear statements about the marketing strategy and support system in place at Bank of America amounted to false representations, false promises of a future course of action by the bank, and that Bank of America never intended to keep and/or could not in reality keep. Mr. Reed claims that had Mr. Anaya told him the truth about the lack

of support on the part of the bank and the goals he was expected to meet, he would never have left his employment with Chase Bank to go work for Bank of America. Mr. Reed claims that the Bank's conduct amounts to fraud.

6. Admissions of Fact:

   a. John Reed was an at-will employee of Bank of America.

7. Contested Issues of Fact:

   a. John Reed was recruited by Raul Anaya to work for Bank of America;
   b. Raul Anaya made specific statements of fact to John Reed concerning the marketing strategy and support system in place at Bank of America for its Client Managers;
   c. Reed relied on the statements made by Anaya concerning the marketing strategy and support system in place at Bank of America for its Client Managers;
   d. The statements made by Anaya concerning the marketing strategy and support system in place at Bank of America for its Client Managers were false;
   e. Reed sustained monetary and actual damages as a result of Bank of America's conduct;
   f. The amount of money John Reed is entitled to as damages.

8. Agreed Propositions of Law:

   a. John Reed was an at-will employee of Bank of America.

9. Contested Propositions of Law:

   a. The applicability of the Statute of Frauds;
   b. The applicability of the National Banking Act;

10. Exhibits:

    a. See attached Exhibit List.

Respectfully submitted,

**PÉREZ & ASSOCIATES**

By: _____
Frank E. Pérez
State Bar No. 15776540
Federal ID No. 1930
436 Paredes Line Road
Brownsville, Texas 78521
Telephone: (956) 504-5403
Facsimile: (956) 504-5991
ATTORNEY FOR PLAINTIFF
JOHN REED

**HAYNES AND BOONE, LLP**

By: _____
Laura O'Donnell
SBN: 00797477
112 E. Pecan, Suite 1600
San Antonio, TX 78205
Telephone:   210-978-7000
Facsimile:    210-978-7450
ATTORNEY FOR DEFENDANT
BANK OF AMERICA

## Plaintiff's Exhibits

| No. | Description | Offered | Admitted |
|---|---|---|---|
| 1 | Letter dated April 12, 2000; Exhibits from John Reed's deposition | | |
| 2 | Letter dated April 17, 2000; Exhibits from John Reed's deposition | | |
| 3 | Business Cards from Bank of America Employees; Exhibits from John Reed's deposition | | |
| 4 | 2000 Goals; Exhibits from John Reed's deposition | | |
| 5 | Applicant Acknowledgment Form; Exhibits from John Reed's deposition | | |
| 6 | Performance Planning and Coaching; Exhibits from John Reed's deposition | | |
| 7 | Performance Planning and Coaching; Exhibits from John Reed's deposition | | |
| 8 | Notes; Exhibits from John Reed's deposition | | |
| 9 | Business Cards; Exhibits from John Reed's deposition | | |
| 10 | Public Finance; Exhibits from John Reed's deposition | | |
| 11 | John Reeds Tax Returns; previously provided in discovery | | |
| 12 | Expert Report of Everett Dillman; previously provided in discovery | | |
| 13 | All exhibits to Raul Anaya's Deposition | | |