IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL NO. B-02-104 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT BANK OF AMERICA, N.A.'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendant Bank of America, N.A. ("Bank of America" or "Bank") provides this Reply to Plaintiff's Supplemental Response to Motion for Summary Judgment ("Supplemental Response"). The Supplemental Response fails to present evidence sufficient to overcome summary judgment on any of the elements of Plaintiff John Reed's ("Reed") fraud claim or on Defendant's defenses. Rather, the Supplemental Response reasserts an inaccurate argument regarding the "material representation" portion of Reed's claim and includes long quotes from the deposition of Raul Anaya ("Anaya") that are not only inconsistent with the points for which Reed raises them but, more significantly, irrelevant. For the reasons asserted in its Motion for Summary Judgment, Reply Brief, Response to Plaintiff's Motion for Partial Summary Judgment and this Supplemental Reply, Bank of America respectfully requests summary judgment.

I.  **The Supplemental Response presents no evidence on the elements of Reed's claim or the Bank's affirmative defenses.**

Although the Supplemental Response purportedly offers portions of the deposition testimony of Raul Anaya ("Anaya") to counter Bank of America's grounds for summary judgment, the fact remains that Reed has not, as a matter of law, proven the essential elements of

his claim. Specifically, the Supplemental Response does not mention, and there is no evidence: (i) that the statements alleged in Plaintiff's Original Petition constitute material misrepresentations; (ii) that the statements upon which Reed relied were false; (iii) that Anaya knew the statements were false or intended to deceive Reed; or (iv) that Reed could have justifiably relied on the statements.[1] The Supplemental Response also fails to address the undisputed evidence and law showing that the National Bank Act and Statute of Frauds preclude Reed's claims. (MSJ at 21-23; Def's Resp. to Pl's Mot. for Partial Summ. J. at 2-6.) The issues introduced in the Supplemental Response are no more than a distraction to mask the absence of factual and legal support for Reed's claim.

## II. The Supplemental Response sheds no new light on the specificity of the statements on which Reed claims he relied.

Federal Rule of Civil Procedure 9(b) mandates that Reed plead the circumstances constituting the alleged fraud "with particularity." In his Original Petition, Reed mentions vague terms such as "needed and critical support, cooperation and assistance from a variety [of] sources," but he does not specify any particular statement(s) made by Anaya upon which he relied. (Orig. Pet. at 2.) In its Motion for Summary Judgment, Bank of America pointed out that, to establish fraud, Reed had to point the Court to a specific, measurable statement on which he relied, and that the vague statements *that he pled* and about which he testified do not meet this test. (MSJ at 10-12; Reply at 5; FED. R. CIV. P. 9(b).)

In his Supplemental Response, as in his original Response, Reed seeks to avoid the requirement of showing that the statement on which he claims to have relied was a "material representation" by pointing to Raul Anaya's testimony regarding other statements that are not contained in Reed's pleadings. Specifically, the Supplemental Response attempts to establish a

---

[1] See Defendant's Motion for Summary Judgment ("MSJ") at pages 10-20; Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment ("Reply") at pages 2-9.

2

"material representation" by pointing to Anaya's testimony that he "spoke about specific information regarding each goal category . . . [and] the target commercial market," two areas that Reed does not include as components of the support, cooperation and assistance promises upon which he claims to have relied. (Supp'l Resp. at 1-2; Orig. Pet. at 2.)[2] The pleading goes on to highlight an excerpt of Anaya's deposition in which he agrees that "[t]here wasn't just a . . . general comment made to Mr. Reed about, 'Come join Bank of America,' before he came over." (Supp'l Resp. at 2-3.) There is a vast difference, however, between showing that statements beyond general comments were made to Reed, and giving evidence of those *particular* statements upon which Reed's lawsuit rests.

The Fifth Circuit has clearly explained that Federal Rule of Civil Procedure 9(b) requires plaintiffs to specifically plead "the statements contended to be fraudulent . . .." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997; *see also Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002); *American Realty Trust, Inc. v. Bagley*, No. 3:02-CV-0641-G, 2003 WL 158878, at *1 (N.D. Tex. Jan. 16, 2003) (citing *U.S. ex rel. Johnson v. Shell Oil Co.*, 183 F.R.D. 204, 206 (E.D. Tex. 1998)(supporting the Fifth Circuit stance that the "simple rule" of pleading particularity is that the "Complaint must contain the 'who, what, when, where and how,' of the false representation."))[3] As this Court has previously observed, "Rule 9(b) was formulated to ensure that defendants can effectively respond to plaintiffs' allegations, to prevent the filing of baseless complaints to obtain discovery and unknown wrongs, and to protect defendants from unfounded allegations of

---

[2] Moreover, it is illogical that Reed would now say, at this late stage in the proceedings, that he relied on Anaya's statement about detailed goals, given Reed's own repeated claims that Anaya "didn't tell [him] anything about [his] goals prior to joining Bank of America," and that he did not ask Anaya what the goals would be. (Reed Dep. 52:10-16, 53:7-9; Pl's Resp. to MSJ at ¶ 1.)

[3] Copies of all cited, nonpublished opinions are attached to this Reply.

3

wrongdoing which might injure their reputations." *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001)(citations omitted). To allow Reed to escape his pleadings and point to other statements in support of his fraud claim wholly defeats these purposes. It prevents the Bank from seeking discovery on and adequately responding to Plaintiff's new fraud claim, because, until Plaintiff's Response and Supplemental Response to the Motion for Summary Judgment, the Bank had no notice of these claims. It further would allow a plaintiff to file a baseless complaint to gain discovery and then try to trump the pleadings with new fraud allegations. There is simply nothing to connect the Anaya deposition testimony cited in the Supplemental Response to the statements about support on which Reed's fraud claim is based. (Orig. Pet. at 2.) He cannot now come forward with new claims. *Becker v. Nat'l Educ. Training Group, Inc.*, No. 3:01-CV-1187-M, 2002 WL 31255021, at *6 (N.D. Tex. Oct. 7, 2002).

**III.   The Supplemental Response does not address justifiable reliance.**

In the second argument of his Supplemental Response, Reed introduces Anaya's generalized testimony about comments made during the recruiting process in an attempt to prove that he is entitled to rely on the statements about future performance by the Bank. (Supp'l. Resp. at 3-4.) In its Motion for Summary Judgment, Bank of America did not dispute Reed's subjective reliance on representations made during the pre-employment process. Instead, the Bank contends that the evidence and case law show that Reed is not justified in relying on those statements. (MSJ at 16-21.)

Contrary to the argument in Reed's Supplemental Response, Bank of America recognizes that Reed claims he *did* rely on Anaya's comments; it challenges the justifiability of the reliance. Anaya's testimony that he generally expects that people being recruited will use information given to them by a prospective employer to make career decisions does nothing to overcome the

evidence and legal authority presented in the Motion for Summary Judgment negating justifiable reliance, nor does it show the Court why, in this particular case, Reed himself could have been justified in his reliance. The fact remains that, considering all the factors of Reed's circumstances and the applicable law, he has not proven that his reliance on any of the oral, pre-employment statements was justified.

IV.  **Reed presents an improper and irrelevant challenge to Anaya's credibility only as a last-ditch effort to avoid the burdens of proving the elements of his case.**

As his final move, a thinly-veiled attempt to distract the Court from the real issues of this case and shift the focus away from his failure to prove the elements of his fraud claim, Reed hides behind an attack on Raul Anaya's credibility.[4] Not only does the Supplemental Response mischaracterize the testimony cited as indication of Anaya's lack of credibility, but raising the issue of credibility is improper in the context of a motion for summary judgment.

Reed makes the sweeping assertion that "Mr. Anaya presents as a very poor witness with no credibility." (Supp'l. Resp. at 5.) To support this broad and subjective conclusion, he points to a lengthy and convoluted exchange in which Anaya is presented with a purely hypothetical situation and responds with consistent and truthful testimony. (*Id.* at 5-12.) The repeated questions about a million-dollar salary offer were posed in an effort to badger Anaya into changing his testimony about hypothetical circumstances that have no basis in or connection to reality. Anaya truthfully answered that he wasn't sure whether the statements presented in the purely speculative scenario would constitute false representations, and he maintained this stance throughout the entire line of questioning. Importantly, however, Reed's attorney never gave Anaya the opportunity to explain why he answered the way he had. With a chance to explain

---

[4] Because of the inconsistency of Reed's testimony, and his continued attempts to expand the scope and nature of the purported statements made to him by Raul Anaya, Bank of America has reason to believe that Reed's own credibility is questionable. However, for the reasons stated herein, the Bank will not argue the issue of Reed's credibility, as it is not a proper summary judgment argument.

that the reply would have depended on circumstances like the timing of the statements, change in the state of affairs after the first statement was made, and other circumstances beyond his control, Anaya would have been able to give a more complete answer.

Regardless of the particulars of the testimony, however, Reed's conclusory allegation that Anaya lacks credibility is impermissible in the scope of a summary judgment argument. It is well established that "[u]nsubstantiated assertions, improbably inferences, and unsupported speculation are not competent summary judgment evidence." *Liszt v. Karen Kane, Inc.*, No. 3:97-CV-3200-L, 2001 WL 739076, at *7 (N.D. Tex. June 26, 2001)(citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)). Moreover, as the Fifth Circuit and other federal courts have held, the issue of credibility is not a concern at the summary judgment stage. *See Liszt*, 2001 WL 739076, at *6; *Quorum Health Res., LLC v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986))("Credibility determinations are not part of the summary judgment analysis."). In fact, a party opposing summary judgment expressly may not "merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Curl v. Int'l Bus. Machs. Corp.*, 517 F.2d 212, 214 (5th Cir. 1975), *cert. denied*, 425 U.S. 943 (1976)(quoting *Rinieri v. Scanlon*, 254 F. Supp. 469, 474 (S.D.N.Y. 1966)). The Fifth Circuit agrees that "a motion for summary judgment cannot be defeated solely by conclusional allegations that a witness lacks credibility." *Thomas v. Great Atlantic and Pacific Tea Co.*, 233 F.3d 326, 331 (5th Cir. 2000). In the instant case, it is clear that Reed's unfounded attack on Anaya's credibility is no more than a red herring thrown in to distract from his own lack of support for his claim.

## CONCLUSION

The Supplemental Response to Bank of America's Motion for Summary Judgment offers no competent evidence to defeat the argument that John Reed's fraudulent inducement claim fails as a matter of law. Because Reed cannot prove the requisite elements of his claim and because Bank of America has established its affirmative defenses, Bank of America, N.A. respectfully requests that the Court dismiss this lawsuit with prejudice and for all other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Laura O'Donnell*
Michael W. Fox
State Bar No. 07335500
Laura E. O'Donnell
State Bar No. 00797477
Federal Id. No. 21720
HAYNES AND BOONE, L.L.P.
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205-1540
Telephone:    (210) 978-7000
Telecopier:   (210) 978-7450

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record on this 27TH day of June, 2003.

*/s/ Laura O'Donnell*