United States District Court
Southern District of Texas
FILED

JUL 2 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN REED,                          §
                                    §
        Plaintiff,                  §
                                    §
vs.                                 §          CIVIL NO.   B-02-104
                                    §
BANK OF AMERICA, N.A.,              §
                                    §
        Defendant.                  §

**DEFENDANT BANK OF AMERICA, N.A.'S PROPOSED
JURY INSTRUCTIONS, DEFINITIONS AND INTERROGATORIES**

TO:   Frank Perez, attorney for Plaintiff,
      Perez & Piette
      P.O. Box 3490
      Brownsville, TX 78523

In accordance with Rule 8(B)(2)(a)(1) of the Court's civil procedures, Defendant BANK

OF AMERICA, N.A. ("Bank of America"), by its undersigned counsel, submits this its Proposed

Jury Instructions, Definitions, and Interrogatories as a separate attachment to the parties' Joint

Pre-Trial Order.

                        Respectfully submitted,

                        *Laura O'Donnell*
                        _____
                        Michael W. Fox
                        State Bar No. 07335500
                        Laura E. O'Donnell
                        State Bar No. 00797477
                        Federal Id. No. 21720
                        HAYNES AND BOONE, L.L.P.
                        112 East Pecan Street, Suite 1600
                        San Antonio, Texas 78205-1540
                        Telephone: (210) 978-7000
                        Telecopier: (210) 978-7450

                        ATTORNEYS FOR DEFENDANT

S-129182.2                          1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to the following counsel of record, by certified mail: return receipt requested on this 24th day of July, 2003:

Frank Perez
Attorney for Plaintiff
Perez & Piette
P.O. Box 3490
Brownsville, TX  78523

Laura O'Donnell

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL NO.    B-02-104 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT BANK OF AMERICA, N.A.'S PROPOSED JURY INSTRUCTIONS, DEFINITIONS, AND INTERROGATORIES

TO THE HONORABLE COURT:

Defendant BANK OF AMERICA, N.A. ("Bank of America"), submits this its Proposed Jury Instructions, Definitions, and Interrogatories and requests that each of the proposed instructions, definitions, and interrogatories be submitted to the jury before deliberations commence.

WHEREFORE, Bank of America requests that this Court submit to the jury these attached instructions, definitions, and interrogatories, and request such other and further relief to which Bank of America may show itself entitled.

## I.   PROPOSED PRELIMINARY INSTRUCTIONS

### Instruction No. _____

### PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury, you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, Plaintiff John Reed ("Reed") will call witnesses and present evidence. Then, Defendant Bank of America, N.A. ("Bank of America") will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, Reed may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids

to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits may be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case–the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 1.1 (1999).

## II.    PROPOSED CAUTIONARY INSTRUCTIONS

### Instruction No. _____

### FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me. I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 2.1 (1999).

**Instruction No. _____**

## STIPULATIONS OF FACT

The parties have agreed, or stipulated, that John Reed was an at will employee at Bank of America. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 2.3 (1999).

**Instruction No. _____**

**DEMONSTRATIVE EVIDENCE**

Exhibit [describe] is an illustration.  It is a party's [description or picture or model] to describe something involved in this trial.  If your recollection of the evidence differs from the exhibit, rely on your recollection.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 2.8 (1999).

**Instruction No. _____**

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the jury.  While you are discussing the case, do not hesitate to change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because you think the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—the judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 2.11 (1999).

**Instruction No. _____**

## BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 2.13 (1999).

Instruction No. _____

## BURDEN OF PROOF

In this case, Plaintiff Reed must prove every essential part of his fraud claim by a preponderance of the evidence.

Defendant Bank of America asserts the affirmative defenses of waiver and/or ratification. In this case, Bank of America must prove each essential part of its waiver and/or ratification defense by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that a party's claim is more likely true than not true. It is the greater weight and degree of credible evidence before you. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of any claim of Plaintiff, you should find for Defendant as to that claim.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 2.20 (1999) (modified to include affirmative defenses).

**Instruction No. _____**

## CONSIDER DAMAGES ONLY IF NECESSARY

If the plaintiff has proven its claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 15.1 (1999).

**Instruction No. _____**

**OUT-OF-POCKET DAMAGES**

If you find that the defendant is liable to the plaintiff, then you must determine an amount that will fairly compensate the plaintiff for the actual injury he suffered measured by the difference between the value of that which he has parted with or lost, and the value of that which he has received.  These damages are called out-of-pocket damages.  The purpose of out-of-pocket damages is to allow the plaintiff to recover that which the plaintiff has lost by relying on Defendant's alleged misrepresentation.

You may award out-of-pocket damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for the plaintiff's damages, no more and no less.  Out-of-pocket damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award out-of-pocket damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered by relying on Defendant's alleged fraudulent statements.

If you decide to award out-of-pocket damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness as accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them provided by a preponderance of the evidence. The reasonable value of earnings lost by the Plaintiff because he relied on Defendant's alleged fraudulent misrepresentation.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 15.2, 15.3 (1999) (modified for fraudulent inducement); *Formosa Plastics v. Presidio Engineers*, 960 S.W. 2d 41, 49 (Tex. 1998).

**Instruction No. _____**

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find that the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which it could have avoided through reasonable effort. If you find by a preponderance of the evidence that the plaintiff unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny it recovery for those damages which it would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce its damages. However, the plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which plaintiff could have mitigated. In deciding whether to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden or proving that the plaintiff's conduct was not reasonable.

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 15.15 (1999).

III.    **PROPOSED INSTRUCTIONS TO BE GIVEN AT CLOSE OF TRIAL**

    A.    **GENERAL**

**Instruction No. _____**

**GENERAL INSTRUCTIONS FOR CHARGE**

MEMBERS OF THE JURY:

You have now heard the evidence in this case, I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them and based on my instructions concerning the law you must apply. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer questions 1 through 3 from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of any eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on your notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you and the exhibits which the Court has admitted in evidence. Select your Foreperson and

conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

 

HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE

**Authority:**

U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 3.1 (1999).

Instruction No. _____

**B.    REED'S CLAIM AGAINST BANK OF AMERICA**

**Instruction No. 1 to Interrogatory No. 1**

**FRAUDULENT INDUCEMENT**

Reed claims that Bank of America fraudulently induced him to resign from Chase Bank to take a position with Bank of America.

To prevail, Reed must establish each of the following elements by a preponderance of the evidence:

1.    That Bank of America made a specific material representation to Reed;

2.    That the representation was false when it was made;

3.    That Bank of America either knew the representation was false or the representation was a promise of future performance made with an intent, at the time the promise was made, not to perform as promised;

4.    That Bank of America made the representation with the intent that Reed should act upon it;

5.    That Reed justifiably relied and acted on the representation; and

6.    That reliance on the representation caused Reed injury.

**Authority:**

TEXAS PATTERN JURY CHARGES, PJC 105.2 and 105.3B (2002) (modified for fraudulent inducement); *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002); *Beijing Metals & Materials Import/Export Corp. v. Am. Bus. Ctr., Inc.*, 993 F.2d 1178, 1186 (5th Cir. 1993).

**Instruction No. 2 to Interrogatory No. 1**

**MATERIALITY**

You are instructed that a representation is "material" if it relates to a matter of some

importance or significance in the decision making process rather than a minor or trivial detail.

**Authority:**

*Bernal v. Garrison*, 818 S.W.2d 79, 84 (Tex. App. – Corpus Christi 1991, writ denied);
O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 5th ed. § 123.02.

**Instruction No. 3 to Interrogatory No. 1**

**KNOWING REPRESENTATION**

A false material representation is made "knowingly" if the maker had actual knowledge that it was false, or made with an intent, at the time the promise was made, not to perform as promised.

**Authority:**

TEXAS PATTERN JURY CHARGES, PJC 105.2 and 105.3B (2002).

**Instruction No. 4 to Interrogatory No. 1**

**JUSTIFIABLE RELIANCE**

In evaluating whether reliance is justified, consider Reed's experience, intelligence and ability to determine whether the representation was true or false.

**Authority:**

*Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 369 (5th Cir. 1996), *cert. denied* 519 U.S. 1078 (1997).

**Instruction No. 5 to Interrogatory No. 1**

**EFFECT OF AGREEMENT**

In evaluating whether reliance is justified, you are further instructed that negotiations and discussions leading up to a writing cannot displace the terms of the written agreement.   In addition, Reed is presumed to know the contents of a document and has an obligation to protect himself by reading documents prior to signing.   courts consider an individual's experience, intelligence and ability to determine whether the representation was true or false.

**Authority:**

*Boggan v. Data Sys. Network Corp.*, 969 F.2d 149, 153 (5th Cir. 1992).

## Interrogatory No. 1

## FRAUDULENT INDUCEMENT

Did Reed prove by a preponderance of the evidence that Bank of America fraudulently induced him to resign from Chase Bank to join Bank of America?

**Answer: "Yes" or "No"**

_____

**Authority:**

TEXAS PATTERN JURY CHARGES, PJC 105.1 (2002) (modified for fraudulent inducement).

If your answer to Interrogatory 1 is "Yes," then answer Interrogatory Number 2. Otherwise, sign and return the Verdict Page.

**Authority:**

TEXAS PATTERN JURY CHARGES, PJC 101.21 (2002).

## Instruction No. 1 to Interrogatory No. 2

## RATIFICATION & WAIVER

Bank of America has asserted the defense that Reed waived his right to claim that he was fraudulently induced to leave Chase Bank because he ratified the terms of the employment relationship with Bank of America by continuing to accept benefits given to him by Bank of America after he discovered that Bank of America was not providing him with the support that he claims was promised or by not raising his claims after learning of the facts that he alleges constitute fraud.

You are instructed that for waiver or ratification to occur, Reed must have:

1)    Continued to accept the benefits of the employment relationship after he became aware of the fraud;

2)    With full knowledge of the material facts at the time of the ratification; and

3)    Intended to ratify the employment relationship in spite of the fraud.

**Authority:**

*Fortune Products Co. v. Conoco, Inc.*, 52 S.W.2d 671, 676, 678 (Tex. 2000); *Oil Country Specialists, LTD v. Phillipp Brothers, Inc.*, 762 S.W.2d 170, 175-176 (Tex. App. – Houston [1st Dist.] 1988, reh. den.).

**Interrogatory No. 2**

**RATIFICATION & WAIVER**

Did Bank of America prove by a preponderance of the evidence that Reed waived the

claim that he was fraudulently induced into the employment relationship with Bank of America?

**Answer: "Yes" or "No"**

———————

**Authority:**

*Fortune Products Co. v. Conoco, Inc.*, 52 S.W.2d 671 (Tex. 2000); *Oil Country Specialists, LTD v. Phillipp Brothers, Inc.*, 762 S.W.2d 170, 175-176 (Tex. App. – Houston [1st Dist.] 1988, reh. den.).

If your answer to Interrogatory 2 is "No," then answer Interrogatory Number 3.

Otherwise, sign and return the Verdict Page.

**Authority:**

TEXAS PATTERN JURY CHARGES, PJC 101.21 (2002).

**Interrogatory No. 3**

**RECOVERY FOR FRAUDULENT INDUCEMENT**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate

Reed for his damages, if any, that resulted from his reliance on Bank of America's promise?

Consider the following elements of damages, if any, and none other:

•      Amount of the reasonable and necessary costs to restore Reed to the position he
       would have been in had he never gone to work for Bank of America in the first
       place.

Answer in dollars and cents, if any.

**Answer:**

_____

**Authority:**

TEXAS PATTERN JURY CHARGES, PJC 110.5 (2002) (modified for fraudulent inducement); *Haase
v. Glazner*, 62 S.W.3d 795, 798-799 (Tex. 2001).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN REED,                           §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §
                                     §        CIV. NO. B-02-104
BANK OF AMERICA                      §
                                     §
        Defendant.                   §

## **VERDICT**

We, the Jury, return the foregoing as our unanimous verdict.

Signed at Brownsville, Texas on this the ___ day of _____, 2003.


                                   _____
                                   FOREPERSON

S-129182.2                          28