33

United States District Court
Southern District of Texas
FILED

JUL 2 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN REED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-104 |
| | § | |
| BANK OF AMERICA, N.A. | § | |

## JOINT PRETRIAL ORDER

NOW COME PLAINTIFF JOHN REED and DEFENDANT BANK OF AMERICA,

N.A. and file this their Joint Pretrial Order and would show unto the Court as follows:

1. **Appearance of Counsel:**

**Attorneys for Plaintiff, John Reed:**

| | |
|---|---|
| Frank E. Pérez | Trey Martinez |
| SBN: 15776540 | SBN: 00797011 |
| Federal ID No. 1930 | Federal ID No. 23945 |
| Pérez & Associates | Martinez & Barrera |
| 436 Paredes Line Road | 1201 East Van Buren |
| Brownsville, Texas 78521 | Brownsville, Texas 78520 |
| Telephone:    (956) 504-5403 | Telephone:    956-546-7159 |
| Facsimile:    (956) 504-5991 | Facsimile:    956-544-0602 |

**Attorneys for Defendant, Bank of America, N.A.**
Michael Fox
SBN: 07335500
Federal ID No. 10300
Laura O'Donnell
SBN: 00797477
Federal ID No. 21720
Haynes and Boone, L.L.P.
112 E. Pecan, Suite 1600
San Antonio, TX 78205
Telephone:    210-978-7000
Facsimile:    210-978-7450

**2. Statement of the Case:**

In March of 2000, Bank of America had an opening for a Rio Grande Valley Client Manager. In April and May of 2000 Bank of America hired John Reed as a Rio Grande Valley Client Manager. In February 2001, Bank of America terminated John Reed for the stated reason that he did not meet his goals. In this lawsuit Reed contends that Bank of America fraudulently induced him to accept employment with Bank of America. Bank of America denies John Reed's claim and has asserted several defenses.

**3.    Specify the allegation of federal jurisdiction.**

Defendant, Bank of America, removed this case to this Federal Court on the basis of diversity of citizenship.

**4.    Motions.**

The following Motions are currently pending:

      A.     Defendant's Motion for Summary Judgment

      B.     Plaintiff's Motion for Partial Summary Judgment

      C.     Defendant intends to file a Motion in Limine

      D.     Plaintiff intends to file a motion in limine

**5.    Contentions of the Parties:**

      **a.    Plaintiff's Contentions**

Bank of America recruited and hired John Reed as client manager in April and May of 2000.

John Reed claims that Mr. Raul Anaya told him during the recruitment process that Bank of America had systems and procedures in place concerning marketing strategy and support, product partners and interaction between them, that were direct, clear and unambiguous, and that

would assure that client managers such as Mr. Reed could meet their expected goals of business brought to the bank. Mr. Anaya never told him what those goals were.

Mr. Reed claims that the goals given him after he accepted employment were unrealistically high, but he nonetheless brought to the bank potential business in excess of those stated goals, which the bank did not pursue.

Mr. Reed was fired from the bank for the stated reason that he did not meet his goals. Mr. Reed claims that Bank of America's many, specific, clear statements about the marketing strategy and support system in place at Bank of America amounted to false representations, false promises of a future course of action by the bank, and that Bank of America never intended to keep and/or could not in reality keep. Mr. Reed claims that had Mr. Anaya told him the truth about the lack of support on the part of the bank and the goals he was expected to meet, he would never have left his employment with Chase Bank to go work for Bank of America. Mr. Reed claims that the Bank's conduct amounts to fraud.

### b.    Defendant's Contentions

As an initial mater, Bank of America asserts that, pursuant to Federal Rule of Civil Procedure 9(b), Reed was required to state the circumstances that he contends constitute fraud with particularity.  His attempt to bring new, unpleaded, claims of fraud at this stage should, therefore, be disallowed. Reed is limited to the allegations in his Petition.

Bank of America denies that Anaya made any false, material statements to Reed before he joined Bank of America or in any way intended to deceive Reed.  Bank of America claims that, before he resigned from Chase and joined Bank of America, Reed acknowledged and understood that he would work at Bank of America as an at-will employee and that no prior oral statements were binding on the Bank.  Bank of America contends that, as a Senior Vice

President, making $100,000 a year, Reed was required to meet certain goals, including identifying and acquiring qualified high dollar commercial lending relationships and other business for the Bank. Bank of America alleges that it was unreasonable for Reed, based on his experience and education, to believe that Bank of America would give him this position but promise him that Product Specialists, who work in different geographic areas, would guarantee that he met his goals. The Bank contends that, when he identified qualified deals, Reed received support from Product Specialists. Bank of America claims that Reed was terminated because he did not meet his goals, including bringing the Bank qualified commercial loan deals or referrals to Product Specialists.

Bank of America has also asserted four affirmative defenses. The first, statute of frauds, provides that any oral promise that cannot be completed within one year must be in writing. Because Reed claims that he was promised a condition of employment that would remain unchanged for several years, the statute of frauds bars his claim. The second, the National Bank Act, provides that national banking associations, like Bank of America, may terminate officers at will and preempts state law claims, including Reed's fraudulent inducement claim, that are based on any promise regarding an officer's employment. The third, ratification, provides that Plaintiff cannot proceed with his claim because he continued to accept benefits given to him by Bank of America after he discovered that Bank of America was not providing him with the alleged support that he claims he was promised. The fourth, waiver, provides that Plaintiff has waived his right to claim fraud because he did not raise his claim after learning of the facts that he contends constitute fraud.

6.  **Admissions of Fact:**

    a.      John Reed was an at-will employee for Bank of America.

4

b.    Bank of America is a national banking association chartered to do business under The National Bank Act.

c.    When John Reed joined Bank of America, the Bank's Board of Directors appointed Reed to serve as a Senior Vice President, an officer position.

d.    Bank of America's Board of Directors ratified Reed's termination.

**7.    Contested Issues of Fact:**

a.    Whether Bank of America recruited John Reed for the position of Rio Grande Client Manager.

b.    What Raul Anaya said to John Reed regarding "support" before he joined Bank of America.

c.    Whether the statements made by Raul Anaya to John Reed regarding "support" before John Reed accepted the position of Rio Grande Valley Client Manager were direct, clear and unambiguous, or simply a vague pre-employment statement.

b.    Whether John Reed relied on any statement by Raul Anaya regarding support when he resigned from Chase Bank.

c.    Whether the statements made by Anaya on which Reed claims he relied were false.

d.    Whether Reed sustained monetary and actual damages as a result of any conduct by Bank of America.

E    Whether Reed is entitled to monetary and actual damages as a result of any conduct by Bank of America.

8. **Agreed Propositions of Law:**

    a.    John Reed was an at-will employee of Bank of America.

    b.    The National Bank Act provides in part that a national banking association has the power to elect or appoint officers and to "dismiss such officers . . . at pleasure . . .." 12 U.S.C. § 24(Fifth).

    c.    The Statute of Frauds provides in part that an agreement which is not to be performed within one year from the date of making the agreement is unenforceable unless in writing. TEX. BUS. & COMM. CODE ANN. § 26.01(b)(6) (West 2002).

9. **Contested Propositions of Law:**

    Plaintiff does not agree that issues b, c, d, e, f, g, and k, submitted by Defendant, constitute issues of law, but rather issues of fact. Plaintiff does not agree that issue j, submitted by Defendant, is appropriate under any circumstances.

    a.    Whether the statements upon which Reed claims he relied are material representations.

        *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 359 (5th Cir. 1996), *cert. denied*, 519 U.S. 1078 (1997); *Boggan v. Data Sys. Network Corp*, 969 F.2d 149, 154 (5th Cir. 1992); *Becker v. Nat'l Educ. Training Group, Inc.*, No. 3:01-CV-1187-M, 2002 U.S. Dist. LEXIS 19063, at **21-22 (N.D. Tex. Oct. 7, 2002); *Sergeant Oil & Gas Co. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1358 (S.D. Tex. 1994); *Bryant v. Transcon. Gas Pipe Line Corp.*, 821 S.W.2d 187, 190 (Tex. App.—Houston [14[th] Dist.] 1991, writ denied); *American Med. Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 339 (Tex. App.—Houston [14[th] Dist.] 1991, no writ).

    b.    Whether Reed can establish that any of the statements on which he bases his fraud claim are false.

*Shaboon v. Duncan*, 252 F.3d 722, 735 (5th Cir. 2001); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 480-81 (5th Cir. 2000).

c.   Whether Reed can show that Anaya knowingly made any false statement.

*Kansa Reins. Co. v. Congressional Mtg. Corp.*, 20 F.3d 1362, 1375 (5th Cir. 1994).

d.   Whether Reed can show that Anaya made any statement with the intention, design and purpose of deceiving, and with no intention of performing the act.

*Clardy Mfg. Co.*, 88 F.3d at 360 (quoting *Airborne Freight Corp. v. C. R. Lee Enter., Inc.*, 847 S.W.2d 289, 294 (Tex. App.—El Paso 1992, writ denied)); *Paul v. Farmland Indus., Inc.*, 37 F.3d 1274, 1277 (8th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995); *Kansa Reins. Co. v. Congressional Mtg. Corp.*, 20 F.3d 1362, 1375-76 (5th Cir. 1994); *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 462 (5th Cir. 1991); *Ehrhardt v. Elect. & Instrumentation Unltd.*, 220 F. Supp. 2d 649, 660 (E.D. Tex. 2002).

e.   Whether Reed can show that he relied on any statement regarding support.

*Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 930 (Tex. 1996).

f.   Whether the written documents that Reed signed before he joined Bank of America preclude him from showing justifiable reliance.

*Villines v. General Motors Corp.*, No. 02-2112, 2003 U.S. App. LEXIS 6299 (8th Cir. Apr. 2, 2003); *Fowler v. SmithKline Beecham Clinical Lab., Inc.*, 225 F.3d 1013, 1016 (8th Cir. 2000); *Boggan v. Data Sys. Network Corp.*, 969 F.2d 149, 154 (5th Cir. 1992); *McCreery v. Seacor*, 921 F. Supp. 489, 493 (W.D. Mich. 1996); *Sergeant Oil & Gas Co. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1357-58 (S.D. Tex. 1994); *C&A Inv., Inc. v. Bonnet Res. Corp.*, 959 S.W.2d 258, 263-64 (Tex. App.—Dallas 1997, writ denied); *Airborne Freight Corp. v. C. R. Lee Enterprises, Inc.*, 847 S.W.2d 289, 297 (Tex. App.—El Paso 1992, writ denied).

g.   Whether a person with Reed's education and experience can reasonably rely on the statements alleged in this case.

*Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 369 (5th Cir. 1996), *cert. denied* 519 U.S. 1078 (1997); *Beijing Metals & Minerals Import/Export Corp. v. Am. Bus. Ctr., Inc.*, 993 F.2d 1178, 1186 (5th Cir. 1993).

h.   Whether the National Banking Act is applicable, and if so, whether Reed's claim is preempted by the National Bank Act.

12 U.S.C. § 24(Fifth); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989); *City Nat'l Bank v. Brown*, 599 So. 2d 787, 790 (La. Ct. App.), *writ denied*, 604 So. 2d 999 (1992); *Ambro v. American Nat'l Bank & Trust Co.*, 394 N.W.2d 46, 49 (Mich. Ct. App. 1986); *Alfano v. First Nat'l Bank*, 490 N.Y.S.2d 56, 58 (N.Y. App. Div. 1985); *Kemper v. First Nat'l Bank*, 418 N.E.2d 819, 821 (Ill. App. Ct. 1981).

i.   Whether the Statute of Frauds is applicable, and if so, whether Reed's claim is barred by the Statute of Frauds.

TEX. BUS. & COMM. CODE ANN. § 26.01(b)(6) (West 2002); *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

j.   Whether Reed ratified any fraudulent statement by Bank of America.

*Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671 (Tex. 2000).

k.   Whether Reed waived any claim that he was fraudulently induced to join Bank of America.

*Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671 (Tex. 2000).

l.   Whether Reed is limited to the claims of fraud alleged in his Petition.

FED. R. CIV. P. 9(b)(West 2002).

m.   Whether Reed is entitled to reliance damages or benefit of the bargain damages if he recovers on his fraudulent inducement claim.

*Haase v. Glazner*, 62 S.W.3d 795, 798-799 (Tex. 2001).

**10.   Exhibits:**

The parties have each attached four (4) copies of their Exhibit Lists. The parties will make their exhibits available for examination by the opposing attorney.

**11.   Witness List**

The parties have each attached four (4) copies of their Witness Lists, including the name and addresses of witnesses and a brief statement of the nature of their testimony.

**12.    Settlements**

All settlement efforts have been exhausted, and the case will have to be tried.

**13.    Trial**

The parties estimate that the trial of this case will last between 3 to 5 days. The actual trial length will depend on to a certain extent on how the Court rules on Defendant's Motion in Limine. Defendant's expert witness, Dr. Thomas Mayor, is not available August 25th, 26th, 28th or 29th. Many of Defendant's witnesses live outside of the Brownsville area and will need to travel to testify at trial.

Respectfully submitted,

**PÉREZ & ASSOCIATES**

By: _____
        Frank E. Pérez
        State Bar No. 15776540
        Federal ID No. 1930
        436 Paredes Line Road
        Brownsville, Texas 78521
        Telephone: (956) 504-5403
        Facsimile: (956) 504-5991
        ATTORNEY FOR PLAINTIFF
        JOHN REED

**HAYNES AND BOONE, LLP**

By: _____
        Laura O'Donnell
        SBN: 00797477
        112 E. Pecan, Suite 1600
        San Antonio, TX 78205
        Telephone:    210-978-7000

Facsimile:      210-978-7450
ATTORNEY FOR DEFENDANT
BANK OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| JOHN REED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-104 |
| | § | |
| BANK OF AMERICA, N.A. | § | |

**PLAINTIFF'S EXHIBIT LIST**

| No. | Description | Offered | Admitted |
|-----|-------------|---------|----------|
| | | | |
| 1 | Letter dated April 12, 2000; Exhibits from John Reed's deposition | | |
| 2 | Letter dated April 17, 2000; Exhibits from John Reed's deposition | | |
| 3 | Business Cards from Bank of America Employees; Exhibits from John Reed's deposition | | |
| 4 | 2000 Goals; Exhibits from John Reed's deposition | | |
| 5 | Applicant Acknowledgment Form; Exhibits from John Reed's deposition | | |
| 6 | Performance Planning and Coaching; Exhibits from John Reed's deposition | | |
| 7 | Performance Planning and Coaching; Exhibits from John Reed's deposition | | |
| 8 | Notes; Exhibits from John Reed's deposition | | |
| 9 | Business Cards; Exhibits from John Reed's deposition | | |
| 10 | Public Finance; Exhibits from John Reed's deposition | | |
| 11 | John Reeds Tax Returns; previously provided in discovery | | |
| 12 | Expert Report of Everett Dillman; previously provided in discovery | | |
| 13 | All exhibits to Raul Anaya's Deposition | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOHN REED<br><br>*versus*<br><br>BANK OF AMERICA, N.A. | CASE NO. B-02-104 |
| Judge Hilda G. Tagle | **Exhibit List** |
| List of<br><br>Defendant Bank of America, N.A. | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record<br>Proceeding                            Date |

| No. | Description | Adm | Ext |
|---|---|---|---|
| 1. | April 17, 2000 Offer Letter to John Reed from Terri S. Edlund, signed by Reed | | |
| 2. | Bank of America Applicant Acknowledgment Form, signed by Reed | | |
| 3. | 2000 Goals document | | |
| 4. | Raul Anaya's file on John Reed | | |
| 5. | Performance Planning and Coaching documents for Reed | | |
| 6. | Commercial Bank Incentive Plan Year 2000 – 12/31/00 Forecasted Results (Actual 10 months & Forecast 2 months) | | |
| 7. | Commercial Bank Incentive Plan Year 2000 – 12/31/00 Results – FINAL | | |
| 8. | Growth Sr./Client Manger Position Overview | | |
| 9. | Growth Sr./Client Manager – Competency Manual | | |
| 10. | Bank of America Separation Notice for John Reed | | |
| 11. | Affidavit of Allison L. Gilliam | | |
| 12. | April 24, 2000 redacted minutes of Bank of America, N.A.'s Board of Directors meeting | | |
| 13. | July 25, 2000 redacted minutes of Bank of America, N.A.'s Board of Directors meeting | | |
| 14. | April 24, 2001 redacted minutes of Bank of America, N.A.'s Board of Directors meeting | | |
| 15. | March 14, 2001 letter from Benigno (Trey) Martinez and Miguel Salinas to Raul Anaya | | |
| 16. | Chase Manhattan Bank Personnel & Payroll records for John Reed | | |
| 17. | Chase Notice of Resignation or Release | | |
| 18. | John Reed's resignation memo to Chase Bank | | |
| 19. | John Reed's year 2000 tax return | | |

| 20. | John Reed's 2001 W2 statements | | |
|-----|-------------------------------|--|--|
| 21. | John Reed's 2002 W2 statements | | |
| 22. | John Reed's Original Petition | | |
| 23. | John Reed's Answers to Interrogatories | | |
| 24. | John Reed's Initial Disclosures | | |
| 25. | Report of Dr. Thomas H. Mayor | | |
| 26. | Documents produced by John Reed | | |
| 27. | Defendant is waiting to receive updated records from Coastal Bank. Once received, these records could potentially be used as an exhibit. | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOHN REED<br><br>*versus*<br><br>BANK OF AMERICA, N.A. | CASE NO. B-02-104 |
| Judge Hilda G. Tagle | **Witness List** |
| List of Defendant,<br><br>Bank of America, N.A. | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record |
| | Proceeding                Date |

In accordance with the Court's Civil Procedures, Defendant Bank of America, N.A. provides the following list of witnesses. This list may change depending on how the Court rules on Defendant's Motion in Limine.

1.      John Reed
        c/o Frank Perez
        Perez & Piette, P.C.
        436 Paredes Line Road
        P.O. Box 3490
        Brownsville, Texas 78523-3490

        Mr. Reed is the Plaintiff in this case.

2.      Raul Anaya
        Bank of America, N.A.
        201 East Washington Street
        Phoenix, Arizona 85004-2343
        (602) 523-2764

        Mr. Anaya was Plaintiff's Manager at Bank of America. Mr. Anaya is expected to testify regarding Plaintiff's hiring, his employment, his expectations, his performance and his termination. Mr. Anaya is also expected to testify that he never made any false statement to Plaintiff with the intent of deceiving him.

3.    Larry Zamponi
      Bank of America, N.A.
      Harlingen Office
      222 E. Van Buren Street
      Harlingen, Texas 78550-6804
      ( 956) 430-2014

      Mr. Zamponi was the other Rio Grande Valley Client Manager who worked with
      Plaintiff. Mr. Zamponi still works as a Rio Grande Valley Client Manager. Mr. Zamponi
      is expected to testify regarding Plaintiff's hiring, his employment and his performance.
      Mr. Zamponi is also expected to testify regarding the expectations of a Client Manager,
      the Client Manager's ability to meet his goals and his personal experience as a successful
      Rio Grande Valley Client Manager.

4.    Alama Ybarra
      Bank of America, N.A.
      Harlingen Office
      222 E. Van Buren Street
      Harlingen, Texas 78550-6804
       (956) 430-2003

      Ms. Ybarra works for Bank of America in the Rio Grande Valley and worked there
      during Plaintiff's employment.  Ms. Ybarra is expected to testify regarding Plaintiff's
      employment and performance.  Ms. Ybarra is also expected to testify regarding her
      personal experience working in the Rio Grande Valley.

5.    Irvine Downing, Jr.
      Chase Bank of Texas
      1475 Ruben M. Torres Sr. Blvd.
      Brownsville, Texas  78521
      (956) 548-6855

      Mr. Downing was Plaintiff's supervisor when he worked at Chase Bank. Mr. Downing is
      expected to testify regarding Plaintiff's performance at Chase, the working environment
      at Chase and Plaintiff's resignations from Chase.

6.    Terri Edlund
      Bank of America, N.A.
      300 Convent, 6th Floor
      Real Estate Banking Group
      San Antonio, Texas 78205
      (210) 270-5588

      Ms. Edlund was involved in recruiting Plaintiff.  She is expected to testify regarding her
      pre-employment conversations with Plaintiff.

7.    Jerry Robinson
      Banc of America Securities, LLC
      Bank of America Plaza
      901 Main Street
      Dallas, Texas 75202-3714
      (214) 209-2994

      Mr. Robinson is one of the Product Specialists with whom Plaintiff worked.  He is
      expected to testify regarding his working relationship with Plaintiff and other Bank of
      America Client Managers.  He is also expected to testify regarding Plaintiff's
      performance as compared to other Client Managers with whom he worked.

8.    Kevin Kleinsteuber
      Bank of America, N.A.
      Mission Banking Center
      1101 N. Conway Ave.
      Mission, Texas 78572
      (956) 580-8305

      Mr. Kleinsteuber is one of the Product Specialists with whom Plaintiff worked.  He is
      expected to testify regarding his working relationship with Plaintiff and other Bank of
      America Client Managers.  He is also expected to testify regarding Plaintiff's
      performance as compared to other Client Managers with whom he worked.

9.    Gregg Muenster
      Bank of America, N.A.
      Commercial Banking Department
      300 Convent, 5th Floor
      San Antonio, Texas 78205
      (210) 270-5371

      Mr. Muenster is one of the Product Specialists with whom Plaintiff worked.  He is
      expected to testify regarding his working relationship with Plaintiff and other Bank of
      America Client Managers.  He is also expected to testify regarding Plaintiff's
      performance as compared to other Client Managers with whom he worked.

10.   Lisa Hill
      Bank of America, N.A.
      Bank of America Center
      700 Louisiana Street
      Houston, Texas 77002-2700
      (713) 247-6782

      Ms. Hill is one of the Product Specialists with whom Plaintiff worked. She is expected to
      testify regarding her working relationship with Plaintiff and other Bank of America
      Client Managers. She is also expected to testify regarding Plaintiff's performance as
      compared to other Client Managers with whom she worked.

11.   Jesse Riveron
      Bank of America, N.A.
      Bank of America Center
      700 Louisiana Street
      Houston, Texas 77002-2700
      (713) 247-7386

      Mr. Riveron is one of the Product Specialists with whom Plaintiff worked. He is
      expected to testify regarding his working relationship with Plaintiff and other Bank of
      America Client Managers. He is also expected to testify regarding Plaintiff's
      performance as compared to other Client Managers with whom he worked.

12.   Alicia Garcia
      Bank of America
      Countryside Office, Suite 101
      12500 San Pedro Ave.
      San Antonio, Texas 78216-2858
      (210) 481-2880

      Ms. Garcia was the Rio Grande Valley Client Manager whom Plaintiff replaced. Ms.
      Garcia is expected to testify regarding the expectations of a Client Manager, the Client
      Manager's ability to meet her goals and her personal experience as a successful Rio
      Grande Valley Client Manager.

13.   Ted Puckett
      Bank of America, N.A.
      Corpus Christi Downtown Banking Center
      500 N Shoreline Blvd.
      Corpus Christi, Texas 78471
      (361) 881-6797

      Mr. Puckett is a Client Manager for Bank of America. He is expected to testify about the
      expectations of a Client Manager, the Client Manager's ability to meet his goals and his
      personal experience as a Client Manager.

14.  James Class
     Bank of America, N.A.
     Pyramid Office
     601 NW Loop 410
     San Antonio, Texas 78216-5510
     (210) 525-5548

     Mr. Class is one of the Product Specialists with whom Plaintiff worked. He is expected to testify regarding his working relationship with Plaintiff and other Bank of America Client Managers. He is also expected to testify regarding Plaintiff's performance as compared to other Client Managers with whom he worked.

15.  Rhonda Kolm
     Bank of America, N.A.
     Commercial Banking Department
     300 Convent, 5th Floor
     San Antonio, Texas 78205
     (210) 270-5280

     Ms. Kolm is a Client Manager for Bank of America. She is expected to testify about the expectations of a Client Manager, the Client Manager's ability to meet her goals and her personal experience as a Client Manager.

16.  Scott Griffith
     Topeka, Kansas
     785-274-5626

     Mr. Griffith was a Credit Protection Officer during Plaintiff's tenure at Bank of America and worked with Plaintiff. Mr. Griffith is expected to testify regarding the amount and types of deals presented to Bank of America by Plaintiff and his working relationship with Plaintiff.

     Defendant will supplement with Mr. Griffith's street address.

17.  Barry Maxey
     JP Morgan Chase
     P.O. Box 660197
     Dallas, Texas 75266-0197
     (214) 965-2768

     Mr. Maxey is expected to testify regarding the authenticity of Chase's personnel records for Plaintiff.

18.   Dave Wilson
      JP Morgan Chase
      P.O. Box 660197
      Dallas, Texas 75266-0197
      (214) 965-2768

      Mr. Wilson is expected to testify regarding Plaintiff's resignation from Chase Bank.

19.   Allison L. Gilliam
      Bank of America
      100 N. Tyron St.
      Charlotte, North Carolina 28255-0001
      (704) 386-5494

      Ms. Gilliam will testify that Bank of America in accordance with her Affidavit, submitted
      in support of the Bank's Motion for Summary Judgment.

20.   Dr. Thomas Mayor
      5555 Del Monte, Suite 1306
      Houston, Texas 77056
      (713) 552-1522

      Dr. Mayor is expected to testify that the correct damage model is a reliance model and to
      apply that model to Plaintiff's claim for damages in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN REED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-104 |
| | § | |
| BANK OF AMERICA, N.A. | § | |

### PLAINTIFF'S WITNESS LIST

John Reed, plaintiff
5186 Kensington Lane
Brownsville, TX 78521
Will testify about Bank of America's recruitment and hiring efforts relevant to this
matter, his work at Bank of America, facts relevant to his causes of action, and
damages.


Frank E. Perez, John Reed's attorney
Pérez & Associates
436 Paredes Line Road
Brownsville, Texas 78521
Telephone:   956-504-5403
May testify as to attorneys fees if appropriate.


Trey Martinez, John Reed's attorney
1201 East Van Buren
Brownsville, Texas  78520
Telephone:   956-546-7159
May testify as to attorneys fees if appropriate.


Eddie Gutierrez, witness
First National Bank
1010 South Expressway
Harlingen, Texas 78551
956-392-8007
Previously employed by Bank of America, has knowledge of operations and
practices and procedures employed by Bank of America and lack of specialized
support available. May testify as to Band of America's recruitment efforts

applicable to him and his work at Bank of America, and the lack of support by product partners.


Raul Anaya
Bank of America, N.A.
Will testify consistent with his deposition in this matter.


Margie Watson
Former secretary of Larry Zamponi
Lone Star National Bank
3300 North Expressway
Brownsville, Texas
956-554-6800
Previously employed by Bank of America, has knowledge of operations and practices and procedures employed by Bank of America and lack of specialized support available. May testify about working conditions at Bank of America


Steve Mallet
11602 Emerald Pecan
San Antonio, Texas 78023
Home: 210-695-2284
Work: 210-877-3520
Interviewed with Bank of America and has knowledge of that interview and may testify as to the substance of that interview and recruiting efforts by Bank of America


Larry Zamponi
Bank of America
Brownsville, Texas
Has knowledge of Bank of America's policies, procedures and lack of support to John Reed. Defendant has Mr. Zamponi's current contact information. Mr. Zamponi will testify about working conditions at Bank of America and support there.


Everett G. Dillman, Ph.D.
306 Thunderbird Drive
El Paso, Texas 79912
915-584-1124

Dr. Dillman will testify on damages. Please see Dr. Dillman's report, previously provided.